UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE )<br>  Plaintiff )<br>vs. )<br> )<br>CITY OF HOLYOKE, & ANTHONY SOTO)<br>IN HIS OFFICIAL CAPACITY AS )<br>RECEIVER-SUPERINTENDENT OF THE )<br>CITY OF HOLYOKE )<br>  Defendant ) | **CIVIL ACTION NO.:** |

## PLAINTIFF, JANE DOE'S COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is a Complaint for damages arising out of the severe and pervasive sex-based discrimination Jane Doe experienced while a high school student at Holyoke Public High School. This Complaint is based on violations of 42 U.S.C. §1983; Title IX of the Civil Rights Act; and the Fourteenth and First Amendment to the United States Constitution. These claims are the result of the City of Holyoke's deliberate indifference to the constitutional rights of its female students, as well as its policy and custom of deliberately ignoring, and refusing to investigate, allegations of sex-based discrimination and harassment.

### PARTIES

1. The Plaintiff, Jane Doe, is an individual with a permanent residence in Holyoke, Hampden County, Commonwealth of Massachusetts. At all times relevant hereto, Doe was a minor child enrolled at Holyoke High School as a student.

2. Defendant, City of Holyoke (hereinafter "City" or "Holyoke"), is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts, located in Hampden County, Commonwealth of Massachusetts. Among its duly constituted governmental departments and agencies, the City operates the Holyoke Public Schools.

3. At all times relevant hereto, Anthony Soto, was – and currently still is – employed by the City of Springfield in the role of Receiver-Superintendent since February of 2021. At all times relevant hereto, Defendant Soto was also a member of the Holyoke Public School Committee.

1

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because this Complaint presents claims brought forth pursuant to federal statutes, namely Title IX of the Education Amendments Act of 1982, 20 U.S.C. §1681, et seq. ("Title IX"), the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983, and the First Amendment to the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

## FACTS COMMON TO ALL COUNTS

6. At all times material hereto, the Defendant, City of Holyoke, operated a public school known as Holyoke High School, in Holyoke, Hampden County, Commonwealth of Massachusetts.

7. Defendant, City of Holyoke, has a legal duty to assure the safety of its students, including students that attend Holyoke High School.

8. Defendant, City of Holyoke, has a legal duty to ensure its student's civil rights are not violated, including students that attend Holyoke High School.

9. At all times material hereto, Defendant, City of Holyoke, received federal funds through a variety of educational programs.

10. At all times material hereto, the Defendant was subject to the requirements of Title IX of the Education Amendments of 1972, which provides that no person, "on the basis of sex, be excluded from participation in, be denied in the benefits of, or be subjected to discrimination under any program or activity" covered by Title IX.

11. At all times relevant hereto, the Plaintiff, Jane Doe, was a gay, female, student in the Holyoke Public School system.

12. At all times relevant hereto, Plaintiff, Jane Doe, was the sole female athlete on the Holyoke Highschool Junior Varsity and/or Varsity Football team.

13. In November of 2018, Jane Doe was an eighth-grade student. She and her family attended the annual Thanksgiving football game at Holyoke High School.

14. While at the Thanksgiving game, Jane Doe ran into D.L., another eighth-grade student whom she played youth football with.

2

15. D.L. brought Jane Doe behind the "snack shack," where he sexually assaulted her.

16. In January of 2020, Jane Doe was a freshman at Holyoke High School. One day, Doe met S.M., a senior student from her choir class, in the school parking lot. S.M. drove Doe to the Holyoke Mall, where he sexually assaulted her in the mall parking lot.

17. In October of 2021, Jane Doe was a junior at Holyoke High School. She authored an article for the student newspaper, The Herald, in which she described the discrimination she felt as the only female on the high school football team.

18. In the article, Doe discussed various ways in which she was discriminated against as the only female member of the football team.

19. Doe felt prompted to write the article after she learned another female student was assaulted by a Holyoke High School football player.

20. The article was reviewed by the Faculty Advisor for The Herald, Mr. Zachary Baru, who approved the publication of the article.

21. Instead of investigating Doe's allegations of gender discrimination as the only female member of the football team, Defendant, City of Holyoke, forced The Herald to remove the article.

22. Holyoke High School's decision to remove the article from The Herald violated Jane Doe's First Amendment Rights.

23. Also in the fall of 2021, a number of Holyoke High School students, including Jane Doe, staged a walk-out, in response to Holyoke High School's complete and utter disregard for the safety of Holyoke High School students, specifically female students, as it related to sexual assault.

24. During the protest, Jane Doe gave a speech to other Holyoke High School students. This activity was protected by the First Amendment to the United States Constitution.

25. Within 1-2 weeks of the participating in the student protest, Holyoke High School employee, Kevin Bouchard, informed Jane Doe that she was no longer allowed to serve as an officer for her class.

26. Holyoke High School's decision to expel Jane Doe from her role as an officer of her class was retaliatory in nature, as it was as a result of Jane Doe's decision to engage in activity protected by the First Amendment to the Constitution, specifically, her right to protest.

27. Upon information and belief, none of the other Holyoke High School students who participated in the protest were punished for their activities.

28. Beginning in the 2021-2022 school year, students called Jane Doe a "faggot," a "whore", and a "bitch."

29. The harassment occurred in the hallways, lunchroom and girl's bathroom.

30. After one particular incident, which occurred in the winter/spring of the 2021-2022 school year, Jane Doe reported the incidents to school employee, Lynn Bouchard.

31. Ms. Bouchard told Jane Doe she would take care of the bullying and harassment.

32. Neither Ms. Bouchard, nor any other employee at Holyoke Public High School, took any further action to investigate Jane Doe's complaints of bullying and harassment.

33. Neither Ms. Bouchard, nor any other employee at Holyoke Public School, followed up with Jane Doe to ensure the bullying and harassment had ended.

34. As a result, Jane Doe was subjected to bullying and harassment for the rest of her junior and senior year.

35. In the late summer/ early fall of 2022, prior to returning to the football team, Defendant, City of Holyoke, attempted to engage Doe in a "restorative" meeting with the Assistant Football Coach and D.L., the same student who sexually assaulted Doe in the eighth grade, because the Assistant Football Coach was angry about Doe's report about the gender discrimination she experienced as the only female on the football team.

36. Although the school administration ultimately allowed Doe to return to the football team for her senior year, Doe was shunned by her teammates; told that what she had written were lies; and remained on the bench for the majority of the season.

37. These actions were retaliatory in nature and as a direct result of Jane Doe's exercise of her First Amendment right to speech wherein she authored a newspaper article complaining about gender discrimination within the school's athletic department.

38. At no point in time following Jane's article did anyone from the school provide Doe with information regarding her options under Title IX; offer support, resources, or safety measures to Doe to ensure she was able to properly deal with the after-effects of gender discrimination; conduct any sort of investigation into

4

      Jane Doe's allegations of gender discrimination within the football team; and/or provide any remedial measures or policy changes to prevent future similar gender discrimination within its athletic department.

39. In September of 2022, Jane Doe's mother had a telephone conversation with Defendant, Anthony Soto, then Receiver-Superintendent and Holyoke Public School Committee, members, in which she informed Soto that Doe was sexually assaulted on high school grounds.

40. Instead of investigating these allegations, Soto responded "I don't appreciate accusations against my school district and we take all concerns seriously."

41. Despite his assertion that the school district took all concerns seriously, Soto never spoke with Jane Doe to investigate the allegations of sexual assault on school grounds.

42. Despite his assertions that the school district took all concerns seriously, Soto never directed any other employee of Holyoke Public High School to speak with Jane Doe about her allegations of sexual assault on school grounds.

43. Despite his assertions that the school district took all concerns seriously, Soto did not offer, or direct any other employee of Holyoke Public High School to offer, Doe with (1) information regarding her options under Title IX; or (2) support, resources or safety measures to help her cope with the aftermath of the sexual assaults.

44. Soto did not implement, nor did he direct any other employee of Holyoke Public High School, to implement, remedial measures or policy changes to prevent future similar assaults.

45. As a result of Defendant's conduct, as described herein, Plaintiff, Jane Doe, suffered, and continues to suffer, significant harm, including, but not limited to, anxiety, financial loss, and educational deprivation and/or setbacks.

46. Defendant, City of Holyoke's response, or lack thereof, in regards to Jane Doe's claims, are part of its widespread custom, pattern, and practice of intentionally and deliberately refusing to investigate allegations of sexual harassment, discrimination, and assault of its students, particularly, female students.

47. Upon information and belief, Holyoke Public High School has a reputation among students for turning a blind eye to sexual assault complaints against male students, especially those male students who are on the school's athletic teams.

48. At all times relevant hereto, Defendant, Anthony Soto, was the receiver-superintendent of Holyoke Public High School, and knew of the School's duty to assure the safety of students entrusted to the school's care.

49. At all times relevant hereto, Defendant, Anthony Soto, had a legal duty to train, supervise, monitor, and discipline his employees in order to observe the rights of persons, including the right to free speech, equal protection, and freedom from sex-based discrimination and harassment.

50. At all times relevant hereto, Defendant, Anthony Soto, as receiver-superintendent of Holyoke Public High School, failed to monitor, train, supervise, control, and discipline employees within his control, in a student's right to free speech, equal protection, and freedom from sex-based discrimination and harassment with such recklessness and gross negligence as to manifest deliberate indifference to the rights of persons, including the minor Plaintiff, to be from sex-based discrimination and harassment.

51. Defendant, Anthony Soto, had actual and constructive knowledge of the allegation that Jane Doe was (a) sexually assaulted on school grounds; and (2) suffered from sex-based discrimination and harassment, both as a member of the football team, and during school hours.

52. Despite having actual and constructive knowledge of the sex-based discrimination, Defendant, Anthony Soto, Soto never spoke with Jane Doe to investigate the allegations of sexual assault on school grounds; never directed any other employee of Holyoke Public High School to speak with Jane Doe about her allegations of sexual assault on school grounds; and did not offer, or direct any other employee of Holyoke Public High School to offer, Doe with (1) information regarding her options under Title IX; or (2) support, resources or safety measures to help her cope with the aftermath of the sexual assaults.

53. Defendant, Soto did not implement, nor did he direct any other employee of Holyoke Public High School, to implement, remedial measures or policy changes to prevent future similar assaults.

## COUNT I
### Jane Doe v. City of Holyoke
*Violation of 42 U.S.C. §1983 & 14th Amendment*

54. Plaintiff restates and realleges the assertions contained in Paragraphs 1-53 of this Complaint, and incorporate them by reference herein.

55. Under the Fourteenth Amendment, Doe had the right to personal security, bodily integrity, equal protection of the law, and to be free from sex-based harassment and discrimination while attending Holyoke Public High School.

56. At all times material hereto, Defendant's employees, including but not limited to, Anthony Soto, Kevin Bouchard, and Lynn Bouchard, were acting under the color of state law, with policy-making authority.

57. The defendant City developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the minor Plaintiff, to wit:

    a. Failing to implement policies and procedures to prevent sexual discrimination, harassment, and bullying within its public schools, including Holyoke High School;

    b. Failing to train its employees to properly investigate allegations of sexual discrimination, harassment, and bullying of students within the public school district, including Holyoke High School.

    c. Responding with deliberate indifference and disregard to allegations of sex-based harassment and discrimination on Holyoke High School grounds.

58. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant, City of Holyoke, and were the cause of a violation of minor Plaintiff's rights alleged herein.

59. Upon information and belief, the above-described policies and customs disproportionately affected female students, including the minor Plaintiff.

60. The conduct of Defendant shocks the consciousness, is arbitrary and caprice.

61. Defendant, City of Holyoke, directly or indirectly, approved or ratified the unlawful and deliberate conduct of its own employees.

62. As a direct and proximate cause of Defendant, City of Holyoke's actions, the minor Plaintiff suffered physical and emotional injuries.

WHEREFORE, the Plaintiff, Jane Doe prays for judgment against the Defendant, City of Holyoke, in a reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

### COUNT II
### Jane Doe v. City of Holyoke
### *Retaliation – Violation of 42 U.S.C. §1983 & The First Amendment of the United States Constitution and Article 16 of the Massachusetts Declaration of Rights*

63. The Plaintiff repeats and realleges Paragraphs 1-62 of this Complaint and incorporates them by reference herein.

64. At all times material hereto, Defendant's employees were acting under the color of state law, with policy-making authority.

65. Jane Doe's right to free speech was chilled by Defendant, City of Holyoke's reaction to her allegations of gender discrimination as the only female on the school football team, as well as Defendant's reactions to her decision to participate in the student protest.

66. The minor Plaintiff, Jane Doe, was unable to fully and freely communicate to teachers, administrators and amongst her peers while at school due to fear of physical, verbal, and psychological attacks due to defendant's actions and their failure to protect Jane Doe.

67. In particular, the Defendant was advised of each instance of instances of sexual discrimination and/or harassment and failed to: (1) properly investigate the matters; (2) take action to prevent additional abuse and harassment from occurring; (3) protect Jane Doe from the abuse, all of which was in violation of her First Amendment rights and rights under Article 16 of the Massachusetts Declaration of Rights.

68. Additionally, Defendant violated Jane Doe's First Amendment Right when it punished her by (a) forcing the school newspaper to remove the article where she discussed being discriminated against; and (b) removing her from student council after she spoke at a protest against the School's lack of response to sexual abuse of female students.

69. Defendant, City of Holyoke, directly or indirectly, approved or ratified the unlawful and deliberate conduct of its own employees.

70. As a result of this breach and infringement of her First Amendment and Article 16 rights, Jane Doe suffered physical and emotional injuries.

WHEREFORE, the Plaintiff, Jane Doe prays for judgment against the Defendant, City of Holyoke, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

### COUNT III
### Jane Doe v. City of Holyoke
### *Violation of Title IX*

71. The Plaintiff restates and realleges the assertions contained in Paragraphs 1-70 of this Complaint, and incorporate them by reference herein.

72. At all times relevant hereto, Defendant, City of Holyoke, received federal funding for its educational programs, including for education programs at Holyoke Public High School, and Jane Doe was a minor student engaged in educational programs and activities at Holyoke Public High School.

73. While a student at Holyoke Public High School, Doe endured harassment and discrimination based on her sex that was so severe, pervasive, and/or objectively offensive, that it created a hostile and/or abusive educational environment and effectively denied and/or limited Doe's ability to equally access and participate in educational resources, benefits, programs, and/or other opportunities.

74. The sex and gender discrimination that Doe experiences occurred in a context where Defendant exercised substantial control over her tormentors, as well as over the faculty and administration, including the athletic coaches, and had control over the environment where the harassment and discrimination took place.

75. Defendant could have, and should have, taken appropriate remedial action in response to the harassment and discrimination Doe experienced, yet failed to do so.

76. Defendant had actual knowledge of the harassment and discrimination Doe endured because she (a) published an article about her experience that the school forced her to remove; (2) complained to at least one administrator about the harassment and discrimination she was experiencing; and (3) Doe's mother reported it directly to Soto, who had the authority to address the discrimination and harassment and institute adequate protective measures on behalf of Defendant.

77. Defendant's response to the harassment and discrimination sustained by Doe, which was to retaliate against her and deliberately ignore her complaints, and/or its lack of response was so deliberately indifferent, insofar as its conduct was clearly unreasonable in light of known circumstances, thereby subjecting Doe to continued harassment and discrimination and rendering her more vulnerable to it.

78. As a direct and proximate result of Defendant's actions and omissions, Plaintiff sustained significant injuries and damages, including but not limited to, emotional distress and trauma, loss of educational opportunities, financial loss, and loss of enjoyment of life.

WHEREFORE, the Plaintiff, Jane Doe prays for judgment against the Defendant, City of Holyoke, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

**COUNT IV**
**Jane Doe v. Anthony Soto**
***Violation of 42 U.S.C. §1983 & 14th Amendment***

79. The Plaintiff restates and realleges the assertions contained in Paragraphs 1-78 of this Complaint, and incorporate them by reference herein.

80. At all times relevant hereto, Defendant Anthony Soto, was acting under the color of state law.

81. Acting under color of law and pursuant to official policy and custom, Defendant, Anthony Soto, intentionally and deliberately disregarded the constitutional rights of the minor Plaintiff, by:

    a. Failing to implement policies and procedures to prevent sexual discrimination, harassment, and bullying within its public schools, including Holyoke High School;

    b. Failing to train its employees to properly investigate allegations of sexual discrimination, harassment, and bullying of students within the public school district, including Holyoke High School.

    c. Responding with deliberate indifference and disregard to allegations of sex-based harassment and discrimination on Holyoke High School grounds.

82. The above-described policies and customs demonstrated a deliberate indifference on the part of Defendant, Anthony Soto, and were the cause of a violation of minor Plaintiff's rights alleged herein.

83. Upon information and belief, the above-described policies and customs disproportionately affected female students, including the minor Plaintiff.

84. The conduct of Defendant shocks the consciousness, is arbitrary and caprice.

85. Defendant, Anthony Soto, directly or indirectly, approved or ratified the unlawful and deliberate conduct of his employees.

86. As a direct and proximate cause of Defendant, Anthony Soto's policies, the minor Plaintiff suffered physical and emotional injuries.

WHEREFORE, the Plaintiff, Jane Doe prays for judgment against the Defendant, Anthony Soto, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Dated:

                              Respectfully submitted,
                              The Plaintiff,

                              /s/ Robert A. DiTusa
                              Robert A. DiTusa, Esq. (BBO # 649218)
                              Alekman DiTusa, LLC
                              1550 Main Street, Suite 401
                              Springfield, MA 01103
                              Tel. (413) 781-0000
                              Fax (413) 827-0266
                              robert@alekmanditusa.com

                              /s/ Laura D. Mangini
                              Laura D. Mangini, Esq. (BBO#684620)
                              Alekman DiTusa, LLC
                              1550 Main Street, Suite 401
                              Springfield, MA 01103
                              Tel. (413) 781-0000
                              Fax (413) 827-0266
                              laura@alekmanditusa.com