UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>) Civil Case No. 24-30018-KAR<br>)<br>CITY OF HOLYOKE, and ANTHONY SOTO )<br>In his Official Capacity as Receiver- )<br>Superintendent of the City of Holyoke, )<br>)<br>   Defendants. ) | |

ORDER GRANTING PLAINTIFF'S MOTION TO IMPOUND AFFIDAVIT OF PLAINTIFF
AND MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM
(Dkt. No. 3)

Plaintiff alleges in her complaint that in 2018, while she was an eighth-grade student, she was sexually assaulted by another eighth-grade student when she attended a school function (Compl. ¶¶ 13-14), and that when she was a Holyoke High School freshman, she was sexually assaulted by an older high school student off of school premises (Compl. ¶ 16).  She further alleges that, during the 2021-2022 school year, she was a target of bullying based on her gender and sexual orientation (Compl. ¶ 28).  Plaintiff's motion to proceed by pseudonym provides that she was a minor when she was the victim of sexual assault and that she does not want to be publicly identified as a victim of sexual assault because of the personal nature of the assaults and that disclosure of her identity would further harm her (Dkt. No. 3 at 1).  She seeks leave to file a sealed affidavit disclosing her identity and address to the court and to proceed by pseudonym.

In *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022) (*MIT* Case), the United States Court of Appeals for the First Circuit established the standards the First Circuit's trial courts should apply in determining "when a party may litigate under a pseudonym." *Id.* at 69.  Noting that a party should only be permitted to proceed pseudonymously in exceptional circumstances,

1

the First Circuit identified "four general categories of exceptional cases in which party anonymity ordinarily will be warranted." *Id.* at 71.  In this court's view this case falls into two of the paradigms identified by the First Circuit.  The first paradigm described by the First Circuit "involves a would-be Doe who reasonably fears that coming out of the shadows will cause him [or her] unusually severe harm (either physical or psychological)." *Id.*  As is set forth in the plaintiff's motion, it has been widely acknowledged that the identity of a minor who is the victim of alleged sexual abuse or assault should not be disclosed publicly because to do so may cause psychological harm or exacerbate trauma caused by the alleged assault (Dkt. No. 3 ¶¶ 7-8).  The third paradigm described by the First Circuit "involves cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *Id.*  "A deterrence concern typically arises in cases involving 'intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors.'" *Id.* at 71 (quoting *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)).  As is set forth above, the plaintiff in the instant case alleges that she was sexually abused while she was a minor and seeks to protect her identity on this basis in part.

      The *MIT* Case states that, because the party seeking to proceed anonymously bears the burden of rebutting a strong presumption against anonymity, any motion seeking anonymity should be accompanied by an affidavit or declaration explaining the need for the pseudonym. *Id.* at 73.  This case is brought by an individual against the government – a municipality and receiver/superintendent of the municipality's public school system in his official capacity – alleging that the plaintiff was sexually assaulted by other students while she was a minor school student.  It is the kind of case in which courts have typically granted a plaintiff leave to proceed by pseudonymously.  In these circumstances, the plaintiff's ex parte motion in support of her

request to proceed under a pseudonym, signed by her attorney and stating some of the risks of disclosing the plaintiff's identity, sufficiently serves the purpose of a declaration or affidavit explaining the plaintiff's reasons for requesting anonymity.  *See id.* at 73.

For the foregoing reasons, the court GRANTS the Plaintiff's *Ex Parte* Motion to Impound Affidavit of Plaintiff and Motion for Leave to Proceed Using a Pseudonym.  As the First Circuit directed, this order may be reevaluated as the case progresses if circumstances change.  *See id.*  Plaintiff is directed to file, under seal, an affidavit or declaration stating her true name and address within ten (10) business days of the docketing of this order.  *See id.* at 77.  This document should include a statement that it is being filed under seal by order of the court, and the Clerk's Office is directed to treat the affidavit or document as a filing under seal.

It is so ordered.

Dated: January 31, 2024                                              Katherine A. Robertson
                                                                     KATHERINE A. ROBERTSON
                                                                     U.S. MAGISTRATE JUDGE