UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE <br><br> Plaintiff <br><br> v. <br><br> CITY OF HOLYOKE, HOLYOKE PUBLIC SCHOOLS, and ANTHONY SOTO <br><br> Defendants | No. 3:24-cv-30018 |

CONFIDENTIALITY AGREEMENT AND
CONFIDENTIALTY ORDER

Plaintiff Jane Doe, together with Defendants Holyoke Public Schools and Anthony Soto ("Defendants," and collectively with Plaintiff, the "parties") agree that this Confidentiality Order (the "Agreement") should be entered pursuant to Federal Rule of Civil Procedure 26(c) to maintain the confidentiality of certain information and materials to be exchanged between the parties in the above-captioned action (the "Litigation").

IT IS THEREFORE STIPULATED AND AGREED that:

1. Designation of Confidential Material:

Each party may identify discovery materials (including documents, data, testimony, electronic information, or other information or material, or any portion thereof) produced by it, including documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, information produced per court order or voluntarily, deposition exhibits, and transcripts of depositions or hearings (or portions of such transcripts) (collectively "Discovery Material") as CONFIDENTIAL ("Confidential Material") to the extent that the party, through counsel believes reasonably and in good faith that such Discovery Material

contains non-public, confidential, personal, proprietary, or commercially sensitive information that requires the protections in this Order.

All Confidential Material shall be designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order by stamping or printing thereon "CONFIDENTIAL" to each page containing such Confidential Material.

2. <u>Definition of Confidential Material</u>:

As used herein, "CONFIDENTIAL" includes, but is not limited to, any Confidential Material, in whatever form, which is considered by the producing party or non-party to contain (i) sensitive business or technical information; (ii) trade secrets; (iii) proprietary business methods or practices; (iv) information that is subject to a non-disclosure and/or confidentiality obligation with a third party; (v) medical records; (vi) tax returns and/or financial information of any party to this lawsuit or an employee or former employee of any party to this lawsuit; (vii) personnel information of any party to this lawsuit or an employee or former employee of any party to this lawsuit; or (viii) personal identifying information including, but not limited to, social security numbers, CORI information.

3. <u>Certification.</u>

Affixing the legend "CONFIDENTIAL" to Confidential Material produced by the party constitutes a certification by the party that to the best of its knowledge, information, and belief, formed after reasonable inquiry, the Confidential Material meets the applicable definition of such term set forth above and is not interposed for any improper purpose, such as to harass or cause unnecessary delay and/or needless increase in the cost of Litigation.

4. <u>Limitations on Disclosure.</u>

The obligations of this Agreement shall continue in effect after the conclusion of this Litigation, including any appeals, absent further order of the Court. The Confidential Material shall be maintained in confidence by the counsel and/or party to whom such materials are produced or given; shall not be made public by the counsel or party to whom it is disclosed, unless it becomes a part of the public record of this Litigation through no fault or other improper conduct of the counsel or party to whom it is disclosed; shall not be used for any business, commercial, competitive, personal, or other purpose; and shall be used only for the Litigation, including any appeals. If a party requires the use of Confidential documents for court filings, the other party agrees to cooperate with assenting to their submission in keeping with the court's rules of impoundment.

5. <u>Persons to Whom Disclosure of Confidential Information is Permitted.</u>

Confidential Material marked "Confidential" will not be shown or disclosed to any person except:

a) The Court and its officers and court reporters and videographers transcribing or videotaping the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal therefrom;

b) Counsel of record in the Litigation and litigation support staff assigned to assist counsel of record in this Litigation and to whom disclosure is reasonably necessary;

c) Experts or consultants retained by counsel of record to assist in this Litigation, and potential experts or consultants that the parties' counsel in good faith believe may become retained experts or consultants provided that each such expert or consultant or potential expert or consultant has been provided a copy of this Agreement and has

signed a declaration in the form of Exhibit A hereto acknowledging his or her receipt of this Agreement and agreement to be bound by the terms hereof;

d) Deponents, witnesses, but only when being examined by counsel on direct and cross exam and provided that such person has been provided a copy of this Agreement and has signed a declaration in the form of Exhibit A hereto acknowledging his or her receipt of this Agreement and agreement to be bound by the terms hereof. Further, any Discovery Material used during depositions shall be subject to the provisions of Paragraphs 15 through 17 of this Agreement;

e) Any copy services or other service providers engaged by counsel or the parties to assist in this Litigation, provided that each such third party has been provided a copy of this Agreement and has signed a declaration in the form of Exhibit A hereto acknowledging his/her receipt of this Agreement and agreement to be bound by its terms;

f) Any person or party who is the author or recipient of the Discovery Material;

g) The named parties and all of their present or former officers, directors, or employees to the extent deemed necessary by a party or its counsel for the prosecution or defense of this Litigation;

h) Other persons provided that (i) the producing party has consented in writing to disclosure to such other person, and (ii) such other person has been provided a copy of this Agreement and has signed a declaration in the form of Exhibit A hereto acknowledging his or her receipt of this Agreement and agreement to be bound by its terms.

6. <u>Notice of Disclosure.</u>

All persons to whom Confidential Material is provided shall be subject to this Agreement and shall maintain such information in confidence, shall not use such information for any purpose other than the prosecution or defense of this Litigation, and shall not disclose such information to any other person except in accordance with Paragraphs 4-5.

7. <u>Retention and Service of Declarations.</u>

Counsel to whom Confidential Material is disclosed and who receive an Exhibit A executed by a person, shall keep in their files copies of any such executed Exhibit A required by this Agreement.

8. <u>Challenge to Designation.</u>

This Agreement is without prejudice to the right of any party to contest a designation of Confidential Material as inappropriate. In the event a party receiving Confidential Material believes that certain material has been improperly designated as CONFIDENTIAL and objects to the classification, it shall communicate that fact to counsel for the producing party by identifying in writing the material and the reason(s) for the objection. If the parties are unable to resolve the objection informally, counsel for the receiving (objecting) party may seek a ruling from the Court within fourteen (14) days of receipt from designating party that confidentiality designation will not be removed in order to adjudicate the propriety of the designation at issue. The burden shall be on the Designating Party to demonstrate, when and if the designation is challenged, that the Discovery Material contains non-public, proprietary, commercially sensitive, competitively sensitive, trade secret, personal information, or

other confidential information that is entitled to protection as "Confidential."] All Confidential Material at issue shall be treated as CONFIDENTIAL under the terms of this Agreement until the Court rules otherwise. A party shall not be obligated to challenge the propriety of the designation of documents or information as Confidential Materials at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

9. Supplemental Orders.

This Agreement shall not foreclose any party from moving the Court for an order relieving the party of the effect of this Agreement, from modifying the terms of this Agreement, or from applying to the Court for further or additional protective orders. In addition, the parties may agree among themselves to modification of this Agreement, subject to the approval of the Court.

10. Binding Absent Court Order.

This Agreement shall be binding upon the parties (and all persons who sign the Declaration attached as Exhibit A) whether or not it is entered as an Order of the Court.

11. Return of Confidential Material.

Within sixty (60) business days after the final termination of this Litigation, including any appeals, upon request, each counsel shall either return all Confidential Material in his or her possession, custody, or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party, or shall certify destruction thereof to counsel for the disclosing party. At the conclusion of litigation and any appeals, counsel may retain copies of the following, provided that such documents continue to be protected in conformity with this Agreement: (i) documents filed with a court; (ii) documents used as exhibits at any trial, hearing or deposition in connection with the Litigation; (iii) transcripts of any hearing or deposition in connection with the Litigation; (iv) attorney work product, whether or not such work product

contains or references Confidential Material; and (v) documents that a party provided to a witness or expert and that the party has been unable to retrieve from such witness or expert after making best efforts to do so.

12. <u>Designation of Transcripts of Depositions.</u>

Transcripts of depositions shall be treated as Confidential Material if counsel for any party requests such a designation either at any time during the deposition or within fourteen (14) calendar days after counsel for the party requesting such treatment of any deposition has received a copy of the transcript of the deposition. Requesting counsel shall designate to other counsel those specific portions of the transcript regarded as containing Confidential Material and only those portions so designated shall thereafter be treated as such. Before such fourteen (14) day period expires, the entire deposition transcript will be treated as Confidential Material under this Order.

13. <u>Use of Transcripts of Depositions.</u>

Transcripts of any deposition taken by any party that are designated in whole or in part as containing Confidential Material shall be prepared for or furnished by the reporter only to outside counsel for the parties, who may then provide copies only to persons identified in Paragraph 5 under the circumstances specified therein. However, if the deponent has not executed Exhibit A, then the party who noticed the deposition may provide it to deponent's counsel (or deponent directly if deponent is not represented), for signature but shall use reasonable measures to retrieve the transcript back from the deponent or shall require deponent and their counsel to execute Exhibit A; alternatively, a party can seek a court order modifying this Agreement.

14. <u>No Modification of Objections or Privileges.</u>

This Agreement is without prejudice to the rights of the parties hereto to object to the production of materials they consider not subject to discovery. The production, dissemination and use of Confidential Material in the course of this Litigation shall not waive any privilege or other objection to the use of such material in this Litigation. Nothing in this Agreement shall modify the law regarding the attorney-client privilege, the work-product doctrine, or trade secret or other confidential research, development, or commercial information, or other applicable privileges.

The Court orders protection of privileged (including attorney-client privilege or work-product immunity) and otherwise protected Discovery Material against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings) as follows:

    a.    The disclosure or production of Discovery Material subject to a legally recognized claim of privilege to a Receiving Party shall in no way constitute the voluntary disclosure of the Discovery Material.

    b.    The inadvertent disclosure or production of any privileged Discovery Material in this Action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with Discovery Material. The inadvertent disclosure or production of any Discovery Material also shall not result in any waiver, including subject matter waiver, of any kind.

    c.    If, during the course of this litigation, a receiving party determines that any Discovery Material is or may reasonably be subject to a legally recognizable privilege or evidentiary protection they shall follow the requirements as set forth herein.

d.  The receiving party shall: (i) refrain from reading, reviewing, or listening to the protected Discovery Material any more closely than is necessary to determine whether it is privileged or otherwise protected from disclosure; (ii) immediately notify the producing party in writing that it has discovered Discovery Material believed to be privileged or protected; (iii) specifically identify the Discovery Material, and (iv) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of the privileged or protected Discovery Material, along with any notes, abstracts or compilations of the content of the privileged or protected Discovery Material. To the extent that privileged or protected Discovery Material has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the privileged or protected Discovery Material extracted from the database. Where privileged or protected Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the receiving party.

e.  If the producing party intends to assert a claim of privilege or other protection over Discovery Material identified by the receiving party, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of the intention to assert a claim of privilege in writing and shall provide the receiving party with a log of the privileged or protected Discovery Material, setting forth the basis for the claim of privilege or other protection. In the event that any portion of Discovery Material does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the material that omits the information that the producing party believes to be subject to a claim of privilege or other protection.

f.      Notwithstanding anything stated elsewhere in this Order, the receiving party is under no obligation to search or review the producing party's Discovery Material to identify potentially privileged material or work product.

g.      If, during the course of this litigation, a Producing party determines that it has produced privileged Discovery Material:

i.      The producing party may notify the receiving party of the inadvertent production and request the return of privileged documents. The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing. The producing party's written notice will contain a log identifying the Discovery Material inadvertently produced, the privilege claimed, and the basis for the assertion of the privilege. In the event that any portion of the Discovery Material does not contain privileged information, the producing party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege.

ii.     The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along with any notes, abstracts or compilations of the content of the privileged Discovery Material. To the extent that Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the receiving party shall have all electronic copies of the Privileged Document extracted from the database. Where privileged Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

        iii.    To the extent that Privileged information contained in Discovery Material has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice as set forth above, the receiving party shall sequester the documents until the claim has been resolved. If the receiving party disclosed the Discovery Material subject to a claim of privilege before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

    h.    The receiving party's return, sequestering or destruction of privileged Discovery Material as provided for in this Order will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege. However, the receiving party is prohibited and estopped from arguing that:

        i.    The disclosure or production of the Discovery Material acts as a waiver of an applicable privilege protection;

        ii.    The producing party did not take reasonable steps to prevent the disclosure of the Privileged Discovery Material; or

        iii.    The producing party failed to take reasonable or timely steps to rectify the error.

    i.    In connection with the above, upon a determination by the Court that the Discovery Material is protected by the applicable privilege, and if the Discovery Material has been sequestered rather than returned or destroyed by the receiving party, the Discovery Material shall be returned or destroyed within ten (10) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject

to the terms of this Order). The Court may also order the identification by the receiving party of privileged Discovery Material by search terms or other means.

j.  Nothing contained in this Order shall limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, to determine if those materials are required to be produced under the Federal Rules of Civil Procedure before that information is produced to another party.

15. Designation Not Recognition.

The designation by any person or party of Confidential Material as CONFIDENTIAL shall be understood to have no bearing on any ultimate conclusion that such information is or is not in fact Confidential Material and no party shall argue that such designation is relevant to any inquiry as to whether information is or is not in fact confidential.

16. Filing Confidential Material.

Without written permission from the Designating Party, a court order secured after appropriate notice to all interested persons, or filing such document "under seal," a Party may not file in the public record in this action, as an exhibit to any pleading or motion or for any other reason, any document or portion of a document produced in this action which has been marked "CONFIDENTIAL." A Party seeking to file Confidential Material under seal must comply with the local rules for such filing. The parties agree to confer in good faith on procedures to protect the confidentiality of the material. This does not affect the ability of the Court to admit these materials at a public hearing or trial, nor order that these documents be made a part of the public record where they are otherwise deemed admissible by the Court.

17. <u>Inadvertent Failure to Designate.</u>

In the event that a producing party inadvertently fails to designate Confidential Material as "CONFIDENTIAL," that material shall still be treated as Confidential Material provided that the producing party provides written notice to the receiving party and designates the material as Confidential Material. Upon receipt of such written notice, the receiving party shall treat the designated material as Confidential Material and shall stamp or mark it accordingly, or, if the producing party provides correctly designated copies of the material, destroy the mis-designated material or return it to the producing party. The receiving party shall not be responsible for any use or disclosure of the mis-designated material prior to the receipt of such written notice, provided such use or disclosure was proper with respect to the material as it was designated at the time.

18. <u>Inadvertent Disclosure of Confidential Material.</u>

If a party or any of its representatives, including but not limited to its counsel, outside consultants, and experts, inadvertently discloses any Confidential Material to persons who are not authorized to use or possess such Confidential Material, the party shall provide immediate written notice of the disclosure to the party whose Confidential Material was inadvertently disclosed and shall take all such steps necessary to obtain the return/destruction of the inadvertently disclosed Confidential Material.

19. <u>Notice of Court Subpoena or Order.</u>

If another court or administrative agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Agreement, such party shall notify counsel of record for the party or other person who designated the Confidential Material at issue of the pendency of such subpoena or order within five (5) business days of receipt of such subpoena or order, and shall promptly furnish such counsel with a copy of said subpoena or order. The party

that designated the Confidential Material may, at its option, challenge such subpoena or order. In no event shall a production or other disclosure be made before the return date on the subpoena or order so that the party who designated the Confidential Material may take action to quash or otherwise object to the subpoena or order. The burden to quash is on the party who designated the document confidential.

20. Additional Provisions

This Agreement does not override or eliminate any obligations imposed by law, including but not limited to the Public Records Law, G.L. c. 66, 950 CMR 32.00 et seq, the Fair Information Practices Act, c. 66A, and the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(a)(4)(A).

Discovery Materials may include "education records" as defined the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(a)(4)(A). Personally identifiable information within such Education records will be redacted unless it is relevant to the Parties' dispute. To the extent the personally identifiable information is relevant to this litigation, such information will be produced only upon satisfaction of the process set forth in 20 U.S.C. § 1232g(b)(2)(B).

21. Material and Information Otherwise Obtained.

Nothing in this Agreement shall apply to (i) a party's use or disclosure of its own Confidential Material; (ii) documents, information, material, or any portion thereof obtained by any party by means other than produced by the other party or third party in the discovery process in this Litigation, and/or made public in the prosecution or defense of the Litigation or related litigation through no fault or other improper conduct of the party to whom Confidential Material is disclosed.

22. <u>No Waiver of Rights.</u>

Nothing in this Agreement shall be deemed a waiver of any of the parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of the Litigation of any matter discovered.

23. <u>Effect on Scope of Discovery.</u>

Nothing in this Agreement shall in any way limit or expand the permissible scope of discovery in the Litigation.

24. <u>Third Parties.</u>

A third party responding to a subpoena or other process in connection with the Litigation can obtain the protections afforded by this Agreement by designating information and/or material as Confidential Material by the methods described in Paragraph 1 and by stating in writing that it is has reviewed this Agreement and agrees to be bound by its terms.

25. <u>Liability for Breach</u>

Counsel for the Parties shall not be responsible or liable in any way in the event of a breach of this Agreement by any other person or entity.

Dated this 5 day of Sept, 2025

BY THE COURT:

_____